UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-80056-CR-MIDDLEBROOKS/MATTHEWMAN

UNITED STATES OF AMERICA

v.

KEVIN CHRISTIAN FUSCO,

        **Defendant.**
_____/

**GOVERNMENT'S FIRST RESPONSE TO
THE STANDING DISCOVERY ORDER**

    The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A.    1.    The audio and video recordings of the defendant will be provided in discovery on a flash drive provided to the defense.

        2.    Included in the discovery production is the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

        3.    No defendant testified before the Grand Jury.

        4.    The defendant's prior criminal record is contained within the pre-trial services report for his pending violation of supervised release.

        5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time. Some reports refer to documents that can be reviewed at the Office of the United States Attorney at a mutually convenient time.

1

        The electronic documents provided in this discovery response are not necessarily copies of all the electronic documents, books, papers, documents, data, etc., that the government may intend to introduce at trial.

6. Laboratory reports regarding substances seized in connection with the investigation have been included in electronic discovery. As additional reports are received from the lab, they will be provided in supplemental discovery.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

        You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the plea and factual basis for the case which he was on supervised release at the time of this offense. Specifically, the government intends to introduce evidence underlying the defendant's prior conviction for distributing a controlled substance on the internet.

I.     The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.     The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.     The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

    If there is no response within ten (10) days from the date of the Certificate of Service attached hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.     The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

    The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

An electronic flash drive will be sent to the defense counsel of record which contains the discovery production. An index of the discovery production was provided to defense counsel on May 6, 2022, by e-mail. If any of the documents are missing, please contact undersigned counsel. If there is any reference to evidence or documents associate with a report, please contact undersigned counsel to do an evidence view.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:    *s/Daniel E. Funk*
Daniel E. Funk
Assistant United States Attorney
Court ID A5501915
500 S. Australian Ave, Suite 400
West Palm Beach, FL 33401
Telephone: 305-905-7509
Email: daniel.funk@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 6, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

*s/Daniel E. Funk*
Daniel E. Funk A5501915
Assistant United States Attorney

**SERVICE LIST**
United States v. KEVIN CHRISTIAN FUSCO
United States District Court
Southern District of Florida

| **Party** | **Counsel** |
|---|---|
| Plaintiff:<br>United States | Daniel E. Funk<br>Assistant United States Attorney<br>500 S. Australian Ave, Suite 400<br>West Palm Beach, FL 33401<br>Email: daniel.funk@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>KEVIN FUSCO | M. Caroline McCrae, Esq.<br>Federal Public Defender's Office<br>450 S. Australian Avenue, Suit 500<br>Email: carolin_mccrae@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |