# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

November 17, 2023

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY____JG____D.C.

Nov 17, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 22-14055-HH
Case Style: USA v. Kevin Fusco
District Court Docket No: 9:22-cr-80056-RLR-1

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-14055

_____

UNITED STATES OF AMERICA,

                                                          Plaintiff-Appellee,

*versus*

KEVIN FUSCO,

                                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80056-RLR-1

_____

JUDGMENT

2                                                                                      22-14055

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: October 19, 2023

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: November 17, 2023

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 22-14055

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

*versus*

KEVIN FUSCO,

                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cr-80056-RLR-1

_____

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 5 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 2 of 9

2                      Opinion of the Court                  22-14055

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Fusco appeals his sentence of 133 months' imprisonment for conspiracy to distribute a controlled substance. Fusco makes three arguments on appeal. First, he argues that the district court erred in denying him a minor-role reduction under U.S.S.G. § 3B1.2. Second, he argues that the district court erred in finding him ineligible for a two-level safety valve reduction under U.S.S.G. § 2D1.1(b)(18). Lastly, Fusco argues that the court imposed a procedurally erroneous and substantively unreasonable sentence by miscalculating his Sentencing Guidelines range and failing to adequately consider both the 18 U.S.C. § 3553(a) factors and his mitigation arguments. After careful consideration of the parties' arguments, we affirm.

The facts are known to the parties; we repeat them here only as necessary to decide the case.

**I**

Whether a defendant qualifies for a minor-role reduction is a finding of fact that we review for clear error, which means that we will reverse only if we have "a definite and firm conviction that a mistake has been committed." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (internal quotations omitted). The district court has "considerable discretion in making this fact-intensive determination." *United States v. Boyd*, 291 F.3d 1274, 1277–78 (11th Cir. 2002). "The district court's choice between two permissible views of the evidence as to the defendant's role in the offense

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 6 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 3 of 9

22-14055                Opinion of the Court                3

will rarely constitute clear error so long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law." *Cruickshank*, 837 F.3d at 1192 (quotation marks omitted) (alteration adopted).

The Sentencing Guidelines provide for a two-level decrease to a defendant's offense level if he was a "minor participant" in the criminal activity, which the Guidelines describe as someone "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2(b) & comment. (n.5). The district court should consider the following factors when determining whether a defendant qualifies for a reduction: (1) the defendant's degree of understanding of the structure and scope of the criminal activity; (2) the defendant's degree of participation in the organization and planning of the criminal activity; (3) the defendant's degree of decisionmaking authority or influence over the decisionmaking authority; (4) the defendant's nature and extent of participation in the criminal activity, including his actions and his responsibility and discretion in performing those actions; and (5) how much the defendant "stood to benefit" from the activity. *United States v. Presendieu*, 880 F.3d 1228, 1249–50 (11th Cir. 2018); U.S.S.G. § 3B1.2, comment. (n.3(C)). "[N]o one factor is more important than another." *Cruickshank*, 837 F.3d at 1195 (quotation marks omitted).

Whether a defendant is entitled to a minor-role reduction is "based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 7 of 14
USCA11 Case: 22-14055    Document: 30-1    Date Filed: 10/19/2023    Page: 4 of 9

4                        Opinion of the Court                    22-14055

case." *Presendieu*, 880 F.3d at 1249 (quotation marks omitted). Specifically, the district court should consider: (1) the defendant's role in the relevant conduct for which he has been held accountable for at sentencing; and (2) his role compared to that of the other participants in the relevant conduct. *Cruickshank*, 837 F.3d at 1192.

In determining the defendant's role, "the district court must measure the defendant's role against the relevant conduct for which []he has been held accountable." *United States v. De Varon*, 175 F.3d 930, 940, 945. "In other words, the district court must assess whether the defendant is a minor or minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level." *Id.* at 941. "Even if a defendant played a lesser role than the other participants, that fact does not entitle [him] to a role reduction since it is possible that none are minor or minimal participants." *United States v. Martin*, 803 F.3d 581, 591 (11th Cir. 2015) (quotation marks omitted).

Here, the district court did not clearly err in denying Fusco a minor-role reduction. The facts illustrate that Fusco understood the nature and scope of the Syntropy operation, and he participated extensively in carrying out the conspiracy's goals, including by maintaining a business address where he stored, packaged, and distributed the drugs. Additionally, Fusco's $2,500 per week compensation demonstrates that he stood to benefit from the criminal activity. Lastly, Fusco's lack of decision-making authority within the conspiracy did not require the district court to grant him a minor-role reduction, as that factor is not dispositive, and a criminal

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 8 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 5 of 9

22-14055                Opinion of the Court                5

conspiracy may exist without any minor or minimal participants. *See Cruickshank*, 837 F.3d at 1195; *Martin*, 803 F.3d at 591. Accordingly, we affirm as to this issue.

## II

When reviewing the denial of safety-valve relief, we review a district court's factual findings for clear error and review de novo its legal interpretation of the Sentencing Guidelines. *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).

Under the safety-valve statute, 18 U.S.C. § 3553(f), a district court must impose a sentence pursuant to the Guidelines without regard to any statutory minimum if the defendant meets all the enumerated factors. Section 402 of the First Step Act amended § 3553(f) to apply to more criminal offenses. *See United States v. Tigua*, 963 F.3d 1138, 1142 (11th Cir. 2020).[1]

The Sentencing Guidelines also state that the district court shall impose a sentence in accordance with the Guidelines without

---

[1] The first of the five criteria in § 3553(f), as amended by the First Step Act, is that:
> (1) the defendant does not have--
>   (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>   (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>   (C) a prior 2-point violent offense, as determined under the sentencing guidelines . . . .

18 U.S.C. § 3553(f)(1).

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 9 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 6 of 9

6                          Opinion of the Court                      22-14055

regard to the statutory minimum sentence if the court finds that the defendant meets the criteria in § 3553(f)(1)–(5), which it lists. U.S.S.G. § 5C1.2.  The list included in § 5C1.2 has not been amended to incorporate the First Step Act's changes to § 3553(f).[2] *Compare* 18 U.S.C. § 3553(f), *with* U.S.S.G. § 5C1.2.  Section 5C1.2 still lists the first criterion for safety-valve eligibility as follows: "[T]he defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)."  U.S.S.G. § 5C1.2(a)(1).  Section 2D1.1, the Guideline for drug offenses, instructs the court to apply a two-level reduction if a defendant meets the safety-valve criteria in U.S.S.G. § 5C1.2.  *Id.* § 2D1.1(b)(18).

Here, the district court did not err in finding Fusco ineligible for a two-level safety-valve reduction.  The § 5C1.2 criteria, which have not been amended after the First Step Act, state that a defendant must not have more than one criminal-history point.  U.S.S.G. § 5C1.2(a)(1).  Fusco clearly does not satisfy this criterion because he has five criminal-history points.  A plain reading of § 5C1.2 does not support the automatic incorporation of the amended criteria in

---

[2] Regarding § 3553(f)(1), we recently held that a defendant "loses eligibility for [safety-valve] relief only if all three conditions in subsections (A) through (C) are satisfied." *United States v. Garcon*, 54 F.4th 1274, 1278 (11th Cir. 2022) (en banc).  This means that to lose safety-valve relief, "a defendant must have more than 4 criminal history points, excluding any . . . 1-point offense, together with a prior 3-point offense, together with a prior 2-point violent offense." *Id.* (quotations marks omitted).

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 10 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 7 of 9

22-14055               Opinion of the Court                    7

§ 3553(f), and Fusco has not pointed to any binding precedent to the contrary. Even if the district court erred in denying Fusco a two-level safety-valve reduction, that error would be harmless, because the judge clearly indicated that she would impose the same sentence even if the safety-valve reduction were allowed, and that sentence is reasonable. *See United States v. Keane*, 470 F.3d 1347, 1348-50 (11th Cir. 2006). Accordingly, we affirm as to this issue.

## III

When reviewing for both procedural and substantive reasonableness of a sentence, we apply a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging a sentence bears the burden of showing that the sentence is unreasonable in light of the record and the factors listed in 18 U.S.C. § 3553. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).

A district court commits procedural error by, among other things, miscalculating the guideline range. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). A district court abuses its discretion and imposes a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). We ordinarily expect a sentence that falls within the guideline range to be reasonable. *United States v. Foster*, 878 F.3d 1297, 1309 (11th Cir. 2018).

|  |  |  |
|---|---|---|
| 8 | Opinion of the Court | 22-14055 |

The district court must impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes listed in § 3553(a)(2). 18 U.S.C. § 3553(a). Additionally, the court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (3) "the kinds of sentences available"; (4) the guideline sentencing range; (5) "any pertinent policy statements"; (6) "the need to avoid unwarranted sentencing disparities among defendants with similar records" who have been convicted of similar conduct; and (7) "the need to provide restitution to any victims." *Id.* § 3553(a)(1), (3)–(7).

We must give due deference to the district court's consideration and weighing of the proper sentencing factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). The district court does not have to give all the factors equal weight and is given discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). We will not reverse a sentence solely because we could reasonably conclude that a different sentence was more appropriate. *Gall*, 552 U.S. at 51. The district court's failure to specifically mention at sentencing certain mitigating factors does not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors is substantively unreasonable. *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). District courts need not explicitly address all mitigating evidence, so long as the record reflects that the court considered the sentencing factors and the parties' arguments. *United States v. Taylor*, 997 F.3d 1348, 1354–55 (11th Cir. 2021).

Case 9:22-cr-80056-RLR   Document 71   Entered on FLSD Docket 11/17/2023   Page 12 of 14
USCA11 Case: 22-14055   Document: 30-1   Date Filed: 10/19/2023   Page: 9 of 9

22-14055                Opinion of the Court                9

Here, the district court did not impose a procedurally erroneous sentence. As already explained, the court did not err in denying Fusco minor-role and safety-valve reductions. Thus, the court imposed a procedurally sound sentence.

The district court also imposed a substantively reasonable sentence in this case. First, the record shows that the court properly considered the § 3553(a) factors in determining Fusco's sentence, specifically citing the nature and circumstances of the offense, the defendant's criminal history, and the need for general deterrence. Second, the record shows that the court heard and considered the parties' arguments, including Fusco's mitigation argument. Lastly, the court's sentence was below the guideline range, which suggests it was substantively reasonable. Accordingly, we affirm as to this issue.

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 19, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 22-14055-HH
Case Style: USA v. Kevin Fusco
District Court Docket No: 9:22-cr-80056-RLR-1

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion